AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Mississippi

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| BRYAN JONES | ) | Case No. |
| | ) | |
| | ) | 3:15 mj 172-LRA |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 23 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 15, 2015,__ in the county of __Hinds__ in the __Southern__ District of __Mississippi__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | On April 15, 2015, in Jackson, Mississippi, defendant BRYAN JONES did knowingly and unlawfully obstruct, delay, and affect interstate commerce, by robbery and extortion or attempts to, in that BRYAN JONES by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person; and by use of his position as a Jackson Police Officer, did obtain personal property, cash unlawfully from another, with and without his consent, which was not due defendant because of his position as a police officer, and thus under color of official right. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

S.A. Glenn A. Folsom, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/23/2015

_____
Judge's signature

City and state: Jackson, Mississippi      Linda R. Anderson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Glenn A. Folsom, Affiant, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since November of 2014. I am currently assigned to investigate violent crimes, gangs, and drug matters for the Jackson, Mississippi, FBI Field Office. During my employment as an FBI Special Agent, I have received training on the investigation of public corruption, drug trafficking, violent crimes, and financial crimes.

2. The below stated information is derived from my personal knowledge while being involved in this investigation and also from information provided to me by other FBI Agents involved in the investigation. This Affidavit is intended only to show that there is sufficient probable cause for the requested warrant and, thus, does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

3. Individuals from the Washington Addition area in Jackson, Mississippi (Jackson), provided information concerning Officer Bryan Jones, a police officer employed by the Jackson Police Department (JPD). The individuals reported that Jones was known in the community to be a corrupt officer, associated with certain drug dealers in the Jackson area. When dealing with the drug community, Jones would use the alias "RED."

4. Jones directly assisted these drug dealers with their drug trafficking enterprise and collected fees in exchange for law enforcement protection. Jones also gave these drug dealers

information concerning police intelligence, specifically which officers may be assigned to patrol a specific area at a specific time, or the identity of specific officers assigned to law enforcement task forces in the Jackson area. Jones also assisted these drug dealers by conducting illegal traffic stops, searches, and seizures on competitors or rival drug dealers. Jones conducted illegal traffic stops in his police uniform, using his marked JPD vehicle, and carrying his JPD service weapon. Sources have stated that Jones would steal any money and/or drugs in the rival dealer's possession and would give his associates the illegally seized contraband, keeping the illegally seized money.

5.   To further aid the drug trafficking enterprises, Jones would also use his authority as a Jackson Police Officer to conduct NCIC checks on vehicle plates and guns which may have been stolen. Reports of illegal stops, searches and seizures, and other nefarious practices prompted the following investigation by the FBI Jackson Division (FBI).

6.   On June 23, 2014, Undercover Employee (UCE) #1 assisted the FBI in an operation involving an illegal stop by Jones. Prior to the operation date, a FBI Confidential Human Source (CHS) had contacted Jones regarding a fictitious associate who was coming into Jackson to purchase approximately $5,000 in drugs. Jones agreed to conduct an illegal stop of the associate and seize any cash or contraband. The CHS agreed to contact Jones when the fictitious drug dealer would arrive in Jackson

7.   On the day of the operation, the CHS contacted Jones and gave him the location where he would meet the dealer (UCE #1). Jones was observed in the area driving a marked car, unit 1620. Jones pulled up to the front of UCE #1's vehicle with the patrol vehicle's lights activated. Jones approached UCE #1 and engaged him in discussion through the driver side

window. Jones placed UCE #1 in the rear of the patrol vehicle and returned to UCE #1's vehicle and, with the consent of UCE #1 searched the vehicle and retrieved $5,500 in cash.

8. Jones questioned UCE #1 about the money and, upon learning that UCE #1 planned to use it to purchase drugs, used his position as an officer to obtain permission from UCE #1 to take the money. Jones later placed $1,500 cash into UCE #1's back pocket and kept $4,000.00. No contraband or illegal drugs were recovered from UCE #1's vehicle. UCE #1 was released by Jones and the $4,000 was never recorded or placed in Jackson Police Department evidence by Jones. Jones later met with the CHS and divided the $4,000, giving the CHS $1,500 and retaining the rest. At the time of the stop, Jones was carrying his service pistol holstered on his belt.

9. On April 15, 2015, UCE #2 assisted the Jackson Division in a second operation involving illegal stop by Jones. As before, prior to the operation date, the CHS contacted Jones regarding a second fictitious associate who was coming into Jackson to purchase approximately $5,000 in drugs. Jones agreed to conduct an illegal stop of the associate and seize any cash or contraband. The CHS agreed to contact Jones when the fictitious drug dealer would arrive in Jackson.

10. On the day of the operation, the CHS called Jones in order to provide him with the location where he would meet the dealer (UCE #2). Shortly after that call, Jones, driving a marked JPD patrol vehicle, unit 1620, pulled up to the front of UCE #2's vehicle, without lights on the patrol car activated. Jones approached UCE #2 and engaged him in discussion through the driver side window. Jones removed the UCE #2 from the vehicle, searched him, and placed him in the patrol vehicle without handcuffs. Jones searched UCE #2's vehicle and found $5,000. Jones then took the $5,000, returned to the patrol vehicle, and questioned UCE #2. Jones used

his position as JPD officer and threats of criminal prosecution to obtain permission from UCE #2 to keep the money. No contraband or illegal drugs were recovered from the UCE's vehicle.

11. Jones left the location in his patrol vehicle. The CHS later contacted Jones concerning the location in which they would divide the cash Jones had taken during the encounter with UCE #2. Later that same day, Jones met with the CHS and gave him gave $2,500, as previously planned. The money taken by Jones from UCE #2 was never recorded or placed in Jackson Police Department evidence. At the time of the stop, Jones was carrying his service pistol holstered on his belt.

Affiant believes that the facts presented in this affidavit are sufficient to establish probable cause to charge Bryan Jones with Title 18, United States Code (U.S.C.), Section 1951, by illegally seizing Government funds.

Glenn A. Folsom
Special Agent, Federal Bureau of Investigation

Sworn and subscribed before me this 23rd day of September, 2015.

Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE