IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:15cr85CWR-FKB

BRYAN JONES, a/k/a Red
18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)(1)
18 U.S.C. § 641

**The Grand Jury Charges:**

At all times relevant to this indictment:

1. Defendant **BRYAN JONES** a/k/a Red was a police officer with the Jackson Police Department assigned to work as a patrolman.

2. The illegal sale, distribution, possession with the intent to distribute, and trafficking of controlled substances are activities which affect interstate commerce as follows:

   a. The trafficking of illegal controlled substances has a substantial and detrimental effect on the health and general welfare of the American people.

   b. A major portion of the traffic in illegal narcotics and controlled substances flows through major interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because many illegal narcotics and controlled substances: (i) after manufacture, these substances are transported in interstate commerce; (ii) such substances that are distributed locally usually have been transported in interstate commerce immediately before their distribution; and (iii) immediately prior to the possession of such substances, they commonly flow through interstate commerce.

   c. Local distribution and possession of illegal narcotics and controlled substances contribute to swelling the interstate traffic in such substances.

   d. Illegal narcotics and controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate.

All as set forth in Section 801, Title 21, United States Code.

## COUNT 1

3. On or about June 23, 2014, in Hinds County in the Northern Division of the Southern District of Mississippi, defendant **BRYAN JONES a/k/a Red**, while on active duty as a Jackson, Mississippi police officer, attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, in that defendant **BRYAN JONES a/k/a Red** unlawfully took and obtained personal property, including $4,000.00 in United States currency from person #1, a person known to the grand jury, from his person, in his presence, against his will, by means of actual and threatened force and violence to person #1's person and property, by using Jackson, Mississippi police vehicles, uniforms, and service weapons to stop and detain person #1 and to illegally search and seize items from the vehicle of person #1.

All in violation of Section 1951(a), Title 18, United States Code.

## COUNT 2

4. On or about June 23, 2014, in Hinds County in the Northern Division of the Southern District of Mississippi, defendant **BRYAN JONES a/k/a Red** knowingly carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the attempted robbery which interfered with interstate commerce, in violation of Section 1951(a), Title 18, United States Code.

All in violation of Section 924(c)(1), Title 18, United States Code.

## COUNT 3

5. On or about April 15, 2015, in Hinds County in the Northern Division of the Southern District of Mississippi, defendant **BRYAN JONES a/k/a Red**, while on active duty as a Jackson, Mississippi police officer, attempted to obstruct, delay, and affect commerce and the

movement of articles and commodities in commerce by extortion, in that defendant **BRYAN JONES a/k/a Red** unlawfully took and obtained personal property not due **JONES** or his office, including $5,000.00 in United States currency from person #2, a person known to the grand jury, from his person, with the consent of person #2, under color of official right.

All in violation of Section 1951(a), Title 18, United States Code.

## COUNT 4

6. That on or about June 23, 2014, in Hinds County in the Northern Division of the Southern District of Mississippi, defendant **BRYAN JONES a/k/a Red**, did steal, purloin and knowingly convert to his own use more than $1,000.00 in funds belonging to the United States of America by taking $4,000.00 from another person that had been provided to said person by agents of the Federal Bureau of Investigation for official use during the course of a Federal investigation.

All in violation of Section 641, Title 18, United States Code.

## COUNT 5

7. That on or about April 15, 2015, in Hinds County in the Northern Division of the Southern District of Mississippi, defendant **BRYAN JONES a/k/a Red**, did steal, purloin and knowingly convert to his own use more than $1,000.00 in funds belonging to the United States of America by taking $5,000.00 from another person that had been provided said person by agents of the Federal Bureau of Investigation for official use during the course of a Federal investigation.

All in violation of Section 641, Title 18, United States Code.

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

8. As a result of committing the offenses alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code, and Section 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 6th day of October, 2015.

UNITED STATES MAGISTRATE JUDGE